**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY J. PUIN | ) | CASE NO. 1:07-cv-00544-CAB |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| STATE AUTOMOBILE MUTUAL | ) | |
| INSURANCE CO., et al. | ) | |
| | ) | |
| Defendants | ) | **MOTION TO STRIKE COUNTERCLAIM** |

Plaintiff, Timothy J. Puin, respectfully moves the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 12(f) of the Federal Rules of Civil Procedure to strike the counterclaim of Defendants filed on March 20, 2007.

The grounds for this motion are that, under the Declaratory Judgment Act, this honorable Court may decline jurisdiction of improper counterclaims for declaratory judgment and may strike such claims. In this case, Defendants' counterclaim represents mere "procedural fencing" by Defendants, who seek to gain an unnatural tactical advantage.  Further, the counterclaim is "redundant, immaterial, impertinent and scandalous."  Fed.R.Civ.P. 12(f).

In the alternative, Plaintiff moves to dismiss the counterclaim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  A memorandum in support of this motion follows.

**<u>MEMORANDUM</u>**

The Declaratory Judgment Act, 28 U.S.C. § 2201, states in pertinent part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration.

(emphasis added).

The Declaratory Judgment Act is couched in terms of giving the district court power to determine, as a matter of sound discretion, whether to entertain the claim at all.  As stated by this honorable Court in *Pilgrim Motorsports Sales & Service v. Ohio*, 2006 WL 2583389 (N.D. Ohio 2006) at *2:

> The U.S. Supreme Court has reiterated the discretionary nature of the Act.  In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962), the highest court opined: "The Declaratory Judgment Act was an authorization, not a command.  It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."

The Court also cited *Green v. Mansour*, 474 U.S. 64, 72 (1985) (the Declaratory Judgment Act is "an enabling act," conferring discretion on the courts rather than an absolute right on litigants), *citing Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952).  *See also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n. 17 (1993) ("As we have noted, the Declaratory Judgment Act affords the district court some discretion in determining whether or not to exercise that jurisdiction, even when it has been established"); *Lamson & Sessions Co. v. ATS Logistics Services, Inc.*, 2006 WL 903187 (N.D. Ohio 2006).

In another case, this honorable Court indicated that it would not hesitate to decline jurisdiction of an improper declaratory judgment claim, citing the applicable Sixth Circuit standard:

> In this federal circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations at issue, and when (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

*TIG Ins. Co. v. Cleveland Child Care, Inc.*, 2005 WL 1223430 (N.D. Ohio 2005) at *1.  *See also Grand Trunk W.R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325-26 (6th Cir. 1984); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 at 277 (6th Cir. 1990); *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991) (five factors to consider are whether judgment would settle controversy; whether judgment would clarify legal relations; whether the claim for declaratory judgment represents mere "procedural fencing" or an effort "to provide an arena for the race to *res judicata*;" and whether there is a better alternative remedy); *Graceland College for Prof. Development and Life-Long Learning, Inc. v. Intellectual Equities, Inc.*, 942 F.Supp. 1404-05 (D.Kan. 1996) (applying same factors).  Defendants' counterclaim does not meet this standard and should be stricken.

Most actions under the Declaratory Judgment Act arise in the context of insurance contract disputes, intellectual property disputes and disputes over the constitutionality of a particular law.  *Reed v. Cedar Cty.*, 398 F.Supp.2d 1017 (N.D. Iowa 2005), *citations omitted*.  In this case, Defendants filed a copy of a St. Paul insurance company with the Court, as if to imply that their counterclaim was for a declaration of rights under an insurance policy between State Auto and St. Paul.  However, Defendants' filing of this St. Paul policy has no apparent legal purpose, as Plaintiff made no mention of said policy in his complaint and St. Paul is not a party to this action.

In actuality, Defendants' counterclaim seeks a declaratory judgment concerning the rights of the parties under the FMLA, and possibly the Ohio Whistleblower Act as well.  Counterclaim at ¶ 1; Count I (Declaratory Relief), ¶ 47.  In the words of *Reed*, *supra*, 398 F.Supp.2d at 1024, "federal courts have not found jurisdiction in employment disputes under the [Declaratory Judgment] Act as Defendants ask the court to do."  The federal courts normally refrain from hearing or granting declaratory relief where a comprehensive statutory scheme of remedies is provided for a specific type of claim.  *Katzenbach v. McClung*, 379 U.S. 290 (1964).  In this case the FMLA (and the Whistleblower Act) provide a

comprehensive statutory scheme that renders useless Defendants' counterclaim for a judicial

declaration of rights under the statute.

Defendants' counterclaim defeats the purpose of the Declaratory Judgment Act.  The main

purpose of the Act is to allow a prospective defendant to bring an action asserting non-liability, where

the alleged liability-creating act has occurred but the adverse party – i.e., the natural plaintiff – has not

yet sought judicial relief.  In this case, Plaintiff already has filed suit under the FMLA.  Thus, Defendants'

counterclaim is an inappropriate mechanism for addressing past harm in the context of an already

existing action.  The Declaratory Judgment Act is not designed to allow a liable defendant to obtain a

declaration of non-liability.  The pleading of what are essentially affirmative defenses is not a natural use

of the declaratory judgment procedure.  *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995);

*Southern Trust Ins. Co. v. Griner*, 550 F.Supp. 39, 40 (S.D.Ga. 1982).

A declaratory judgment claim filed in bad faith amounts to procedural fencing for the purpose of

securing an unnatural litigation advantage.  *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004), *citing*

10B Wright, Miller and Kane § 2765 at 638 (3d ed. 1998).  *See also Morrison v. Parker*, 90 F.Supp.2d 876,

881 (W.D. Mich. 2000) (viewed from the perspective of the Sixth Circuit's standards for declaratory

judgment claims, an action by a putative tortfeasor fares poorly as a claim for declaratory judgment).

*See also Crown Cork & Seal Co., Inc. v. Pennsylvania Human Relations Comm'n*, 463 F.Supp. 120,

124 (E.D. Pa. 1979); *Plante & Moran v. Thompson*, 850 F.Supp. 610, 612-13 (W.D. Mich. 1994);

*Bituminous Cas. Corp. v. Combs Contracting, Inc.*, 236 F.Supp.2d 737 (E.D.Ky. 2002); *State Farm Mut.*

*Auto Ins. Co. v. Brewer*, 778 F.Supp. 925 (E.D. Ky. 1991) (*sua sponte* dismissing declaratory judgment

claim and striking it from the docket); *Minnesota Mut. Life Ins. Co. v. Brodish*, 200 F.Supp. 777 (E.D. Pa.

1962) (a defendant should not use a counterclaim for declaratory judgment to deprive a plaintiff of his

constitutional right to a jury trial);  *Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc.*, 362 F.Supp. 78,

82 (N.D. Ill. 1973) (where the plaintiff's complaint seeks resolution of the very same issues, a

counterclaim requesting that the court determine the identical issues from the defendants' perspective is redundant and should be stricken); *Myers v. Mut. Life Ins. Co. of NY*, 12 F.R.D. 447, 448 (W.D. Mo. 1952) (a declaratory judgment action as a counterclaim may be improper).

These well-settled principles are particularly apt in cases of wrongful discharge like the case at bar, where a corporate defendant seeks to deprive a natural plaintiff of his right to a jury trial through bringing a counterclaim in bad faith as a means of procedural fencing.  *See, e.g., Reed v. Cedar Cty.*, *supra*, 398 F.Supp.2d 1017 (N.D. Iowa 2005).  In *Reed*, the Court held that its exercise of jurisdiction over an employer's counterclaim was not warranted, where the employer sought a declaratory judgment that its termination of the plaintiff would be warranted.

The *Reed* Court applied the same test enunciated by this honorable Court and by the Sixth Circuit.  That is, the counterclaim against the aggrieved employee would not clarify or settle the legal dispute between the parties and would not provide relief from the controversy giving rise to the proceedings; and allowing the counterclaim to proceed would be against public policy.  The same is true in this case.  A process already exists under the FMLA to clarify the legal rights and responsibilities of the parties under that statute.  Even if Defendants prevail on their counterclaim, the controversy would not be terminated, as Plaintiff has brought significant additional claims against Defendants that are outside the scope of their counterclaim.  *See also* 10B Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure*, Civil § 2759 (3d ed. 1998).

To say that this Court may decline jurisdiction over Defendants' counterclaim presumes that valid jurisdiction of the counterclaim exists.  However, the Court may also dismiss the counterclaim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter, and Plaintiff respectfully moves the Court in the alternative to dismiss the counterclaim under Rule 12(b)(1).  Under this rule, Defendants bear the burden of establishing subject matter jurisdiction of their counterclaim.  *Grewal v. Ashcroft*, 301 F.Supp.2d 692 (N.D. Ohio 2004).  Whether Plaintiff's motion

5

to dismiss is taken as a facial or as a factual attack on jurisdiction, *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990), the result is the same in this case.  Even assuming all the facts of the counterclaim are true (which Plaintiff denies), Defendants are not entitled to bring it under the Declaratory Judgment Act, as discussed above.

Another alternate grounds exists to dismiss the counterclaim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted; and Plaintiff respectfully moves the Court in the alternative to dismiss pursuant to this Rule, for the reasons stated herein.

Thus, the counterclaim of Defendants is a useless procedural tactic adding nothing to the case, that would have the effect of multiplying the proceedings.  For this reason, Plaintiff respectfully asks that the Court decline jurisdiction over the counterclaim and strike it.  Striking the counterclaim as redundant and immaterial is an appropriate response to its improper filing.  *See, e.g., Green Bay Packaging, Inc.*, *supra*, 362 F.Supp. 78.

Striking the counterclaim is appropriate under Rule 12(f) of the Federal Rules of Civil Procedure, which provides in pertinent part that:

> Upon motion made by a party … the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Although disfavored, motions to strike under this Rule should be granted when the pleadings to be stricken have no possible relation to the controversy; where the defenses to be stricken are immaterial in that they have no essential or important relationship to the claim for relief or defenses being pleaded, or are impertinent in that matter consists of statements that do not pertain, and are not necessary, to issues in question.   *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953); *FDIC v. Butcher*, 660 F.Supp. 1274, 1277 (E.D. Tenn. 1987).  Courts will strike "unsubstantiated and demeaning allegations."  *Smith v. KFC*, 2007 WL 162831 (E.D. Ky. 2007).

Defendants' counterclaim is not only a useless procedural device apparently designed to frustrate the purpose of the Declaratory Judgment Act as well as the FMLA, it contains numerous scandalous and irrelevant allegations.  For instance, Defendants see fit to accuse Plaintiff of stealing the reading glasses of another lawyer.  Counterclaim at ¶ 15.  They charge Plaintiff with the offense of arguing with an older man in a bowling alley.  Counterclaim at ¶ 22.  They accuse Plaintiff of "surreptitious attempts" to cancel a deposition.  Counterclaim at ¶¶ 35-39; 45.  They make numerous other "redundant, immaterial, impertinent" and "scandalous" allegations in the Counterclaim.  The most outrageous allegations state that Plaintiff made unspecified "ethnic slurs" and that Plaintiff "screamed" at Defendant Kerns, in a "threat" to his family.   These allegations are utterly false.  Such ugly *ad hominem* attacks have no place in a court of law.

None of these outrageous allegations have any relationship whatsoever to the legal rights and relationships of the parties under the FMLA, the ostensible issue presented by the counterclaim.  It is important to note that Defendants failed to answer ¶¶ 77-78 of the complaint, which simply allege that Plaintiff was an eligible employee under the FMLA and Defendant was an eligible employer.  Instead, Defendants claim that they are not obligated to admit or deny these paragraphs, because they "set forth conclusions of law to which no response is required."  Answer at ¶¶ 77-78.  Under Rule 8(d), Defendants' failure to answer these paragraphs results in the allegations of the complaint being admitted.   There is thus no need for a declaratory judgment in this case, as Defendants should be deemed to have admitted the application of the FMLA, with the result that the parties' legal rights and obligations under the FMLA are to be determined under the FMLA.

Defendants continue to create unnecessary controversy with their battery of improper filings in this case.  Their actions since the filing of the complaint are consistent with the allegations of the complaint, that Defendants have ignored the law – not to mention the dictates of common sense and common decency -- in their overzealous attacks on Plaintiff and his family.  Defendants' only filing that

truly can be called responsive is their answer, but even that pleading ignores the obligations of Rule 8 and raises irrelevant and redundant matters under Rule 12(f).  Plaintiff would be well within his rights to move for sanctions in this matter, under 28 U.S.C. § 1927.  However, a motion for sanctions by Plaintiff at this time would not serve the interest keeping the parties focused on the real issues.

In conclusion, Plaintiff respectfully moves the Court to strike the counterclaim as (1) improperly filed under the Declaratory Judgment Act and (2) redundant, immaterial, impertinent and scandalous under Rule 12(f).  In the alternative, Plaintiff moves to dismiss the counterclaim for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____s/ Timothy J. Puin_____
TIMOTHY J. PUIN
6000 Brewster Drive
Hudson, Ohio 44236
(330) 342-0225
sapuin@msn.com
Attorney Bar No. 0065120
Plaintiff *pro se*

## CERTIFICATE OF COMPLIANCE

This case apparently has not been assigned a track yet under LR 16.3.  The foregoing brief complies with the page limitation set forth for cases on the expedited or the standard track, under LR 7.1(f).

_____s/ Timothy J. Puin_____
TIMOTHY J. PUIN

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2007, a copy of the foregoing brief was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

_____s/ *Timothy J. Puin*_____
TIMOTHY J. PUIN

9